UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OMAR AWAD,
    *Plaintiff*,

v.

SCOTT SEMPLE *et al.*,
    *Defendants*.

No. 3:18-cv-2008 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Omar Awad was a prisoner in the custody of the Connecticut Department of Correction at the time of the filing of his complaint. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging in substance that he was denied access to a prison law library and to legal resources. For the reasons stated below, I will dismiss his complaint without prejudice.

**BACKGROUND**

Although Awad is no longer in the custody of the Department of Correction, he was a prisoner at the time of his filing of this complaint at Garner Correctional Institution. His complaint names the following five defendants: Commissioner of Correction Scott Semple, Warden Anthony Corcella, Deputy Warden Daniell Borges, Deputy Warden David Egan, and Deputy Commissioner Seplack. Doc. #1 at 1, 4–5 (¶¶ 4–8).

The following facts are alleged in the complaint and are accepted as true only for purposes of this ruling. Awad was confined at Garner from May 10, 2018. Doc. #1 at 7 (¶ 1). From June 2 to September 19, 2018, and then again from October 13 to November 26, 2018, Awad was confined in the F-Block Unit, which is the restrictive housing unit ("RHU") at Garner. *Ibid.* (¶ 2). He "ha[d] reason to believe that the defendants. . . [were] den[y]ing him access to [a]

law library . . . ." *Ibid.* (¶ 3). Awad had civil and criminal cases pending and was unable to research the issues raised therein, which would help him succeed in court. *Ibid.* (¶ 4).

Awad wrote several requests to his unit manager, counselor, and other DOC officials regarding his inability to access legal resources at Garner. *Id.* at 7–8 (¶ 5). The officials responded that Garner does not have a law library. *Id.* at 8 (¶ 5). Awad also filed an administrative grievance and wrote a letter to the defendants claiming that his inability to access a law library violates his due process rights, and that the Inmate Legal Aid Program ("ILAP") is unreliable because it takes at least two weeks to schedule a legal call with its attorneys and at least thirty days for them to respond by mail, thereby making it difficult for Awad to meet deadlines imposed by the courts. *Ibid.* (¶¶ 6–7). Moreover, ILAP does not assist inmates with criminal matters and has misled Awad on two occasions in a civil case. *Ibid.* (¶ 8). Awad was released from custody on January 11, 2019. Doc. #10 at 1.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to

plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Awad claims that defendants deprived him of his rights under the First, Fifth, and Fourteenth Amendments by impeding his right to access the courts. *See* Doc. #1 at 9 (¶¶ 9–10), *id.* at 10–12 (¶¶ 2–6). Because Awad is no longer confined at Garner, his claims for declaratory and injunctive relief are now moot, and I will dismiss them. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

### *Denial of access to courts*

Because of his lack of access to a prison library or other legal assistance, Awad claims that he was denied his constitutional right of access to the courts. The Supreme Court has long recognized a constitutional right of access to the courts, notwithstanding that the right's precise source in the Constitution remains uncertain. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 & n.12 (2002); *see also Blake v. Dowe*, 36 F. Supp. 3d 271, 276–77 (D. Conn. 2014). The Supreme Court has also ruled that the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance form persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). But "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some

3

theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, a prisoner "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Ibid.*

That means a plaintiff like Awad must describe the underlying cause of action he alleges to have been stymied, how defendants' official acts caused the frustration of his suit, and that the underlying cause of action is nonfrivolous. *See Christopher*, 536 U.S. at 416–18. Awad does not do that here. First, rather than describe the cases he alleges to have been blocked, he only states that he "ha[s] civil and criminal cases in court" and that ILAP has "mislead me not once but twice in a civil matter." Doc. #1 at 7–8 (¶¶ 4, 8). Second, Awad has not alleged any facts about these cases to provide defendants with notice that they are meritorious. And third, although Awad alleges defendants have made him unable to keep up with court deadlines, *id.* at 8 (¶ 7), he has not identified any action or claim that has been dismissed for that reason. Accordingly, Awad has failed to plead any specific harm resulting from his lack of library access or the alleged inadequacy of ILAP, and so he has failed to state a claim for a denial of his right to access the courts. Consequently, I will dismiss his access to the courts claim. *See Fowler v. Dep't of Corr.*, 2017 WL 3401252, at *7 (D. Conn. 2017) (dismissing denial-of-right-of-access-to-courts claim for lack of sufficiently detailed description of underlying court case and how it was impeded by denial of access to prison law library books).

### *Due Process*

Awad claims a violation of his right to due process. The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. A due process claim requires a threshold showing of a deprivation of a property or liberty interest. *See Victory v.*

*Pataki*, 814 F.3d 47, 59 (2d Cir. 2016). Awad does not allege any facts to suggest that the denial of his right to use a prison law library or to receive prison legal assistance from ILAP involves the deprivation of a liberty or property interest. Accordingly, I will dismiss Awad's due process claim.

### *Equal Protection*

Awad claims a violation of his right to equal protection of the law. The Fourteenth Amendment to the United States Constitution provides that a State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, §1. The Equal Protection Clause of the Constitution "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). If the governmental distinction targets a suspect class (such as a class of persons based on race, gender, or religion) or targets the exercise of a fundamental right (such as the right to vote), then the governmental classification will be subject to heightened or strict scrutiny; all other governmental classifications need only be supported by a rational basis. *See Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018). Moreover, a claim for violation of the Equal Protection Clause requires more than proof of unequal treatment or disparate impact; a plaintiff must plead and prove no less than intentional or purposeful discrimination as compared to otherwise similarly situated persons. *See Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68–69 (2d Cir. 2015); *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).

Awad has not alleged sufficient facts to sustain a plausible Equal Protection claim. He does not allege any facts to suggest that the denial of access to library and legal assistance resources was the product of any intentional or purposeful discrimination by any of the defendants against him. *See Gillums v. Semple*, 2018 WL 3404145, at *6 (D. Conn. 2018)

5

(rejecting claim brought by pretrial detainee about lack of library access relative to sentenced prisoners); *Boyd v. Anderson*, 265 F. Supp. 2d 952, 966 (N.D. Ind. 2003) ("inmates confined in a disciplinary segregation unit are not similarly situated with general population inmates" and "plaintiffs' claims that prison officials did not afford them the same access to various programs as that enjoyed by general population inmates throughout the prison states no valid equal protection claim").

## CONCLUSION

For the foregoing reasons, Awad's complaint is DISMISSED without prejudice. If Awad believes there are additional facts that would cure any of the alleged deficiencies discussed in this ruling, then he may file a motion to reopen along with an amended complaint by **May 29, 2019**. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 29th day of April, 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge